IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| TIMOTHY ANDREW LAMB, <br><br> Plaintiff, <br><br> v. <br><br> JIM PROCTOR; MAJOR MASTROIANNI; and CAMDEN COUNTY SHERIFF'S OFFICE, in their official capacities, <br><br> Defendants. | CIVIL ACTION NO.: 2:22-cv-17 |

**REPORT AND RECOMMENDATION**

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983.  Doc. 1.  This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A.  For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety.  Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

**PLAINTIFF'S CLAIMS**[1]

Plaintiff, a pretrial detainee, brings this suit under § 1983, alleging violations of his constitutional rights while at the Camden County Detention Center.  Doc. 1.  Plaintiff raises a number of challenges to the conditions in which he is confined.  Id. at 6–8.  Plaintiff explains the "Alpha," "Bravo," and "Charlie" pods are overcrowded, there is mold the showers, the roof

---

[1]   All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1.  During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

leaks, and the cell doors do not work properly.  Id. at 6–7.  Indeed, the issues with the cell doors are so bad the guards no longer close them.  Id. at 6.  Plaintiff also complains the air conditioner did not work for some period of time, causing significant mold and rust being blown from the vents, but that issue has since been resolved.  Id.  Plaintiff states no in-person visitation has been permitted since he has been at Camden County Detention Center and there have been no church services, though he notes lawyers and religious officials are permitted to visit.  Id. at 6–7.  Finally, Plaintiff explains he was also placed in solitary housing unit ("SHU") without a hearing, and while there, he noticed many of the lights did not work.  Id. at 6.

Plaintiff is suing one entity, the Camden County Sheriff's Office, and two individuals, Sheriff Jim Proctor and Jail Administrator Major Mastroianni.  Id. at 2.  Plaintiff is suing the individual Defendants only in their official capacities.  Id.  Plaintiff seeks only monetary damages as relief.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  Id.  The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.

## DISCUSSION

**I.    Official Capacity Claims**

Plaintiff is suing Defendants Proctor and Mastroianni only in their official capacities for monetary damages. Doc. 1 at 2–3, 5. Defendants in this case are employees of the Camden County Sheriff's Department. Plaintiff cannot sustain a § 1983 claim for monetary damages against Defendants in their official capacities. States are immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty. Alden v. Maine, 527 U.S. 706, 712–13 (1999). Section 1983 does not abrogate the well-established immunities of a state from suit without its consent. Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989). Because a lawsuit against a state agency or a state officer in their official capacity is "no different from a suit against the [s]tate itself," such defendants are immune from suit under § 1983. Id. at 71. Furthermore, it is well-settled law that sheriffs and members of the sheriff department acting in a law enforcement capacity are acting on behalf of the state. See Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003); Grech v. Clayton County, 335 F.3d 1326, 1347

(11th Cir. 2003) ("[T]he sheriff acts on behalf of the State in his function as a law enforcement officer . . . ."). As this Court has recognized,

> Since Manders was decided in 2003, the relevant Georgia law remains essentially unchanged. Indeed, it is now 'insurmountable' that Georgia sheriffs act as arms of the state—not as county officials . . . . In sum, Manders and its progeny dictate that where a sheriff and his deputies are performing their official and authorized duties as state actors . . . they are entitled to Eleventh Amendment immunity from a § 1983 claim for money damages or other retrospective relief brought against them in their official capacities.

Frederick v. Brown, No. CV 113-176, 2015 WL 4756765, at *14 (S.D. Ga. Aug. 10, 2015) (internal citations omitted) (citing Manders, 338 F.3d at 132; Grech, 335 F.3d at 1332–40; Hall v. Fries, No. 7:13-CV-105, 2014 WL 1389063, at *4–5 (M.D. Ga. Apr. 9, 2014); Scott v. Mercier, No. 5:06-CV-33, 2007 WL 2728440 (S.D. Ga. Sept. 14, 2007); and Lewis v. Wilcox, No. 3:06-cv-29, 2007 WL 3102189, at *8 (M.D. Ga. Oct. 23, 2007)).

Here, the State of Georgia would be the real party in interest in a suit against Defendants Proctor and Mastroianni in their official capacities as employees of the Camden County Sherriff's Department. Accordingly, the Eleventh Amendment immunizes Defendants Proctor and Mastroianni from suit for monetary damages in their official capacities. Absent a waiver of that immunity, Plaintiff cannot sustain any constitutional claims against Defendants Proctor and Mastroianni in their official capacities for monetary relief.

Further, even if Plaintiff could sue Defendants in their official capacities, his claim would be due to be dismissed. "It is well established in this circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (citations omitted). To hold a supervisory official or an employer liable, Plaintiff must demonstrate either (1) the supervisor actually participated in the alleged constitutional violation,

or (2) there is a causal connection between the actions of the supervisor and the alleged constitutional violation. Id. (internal quotation marks and citation omitted) (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Plaintiff's Complaint does not include any allegations these individuals had personal involvement.

Similarly, Plaintiff fails to allege a "causal connection" between Defendants Proctor and Mastroianni and the asserted constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor [or employer] on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's [or employer's] improper custom or policy . . . result[s] in deliberate indifference to constitutional rights." Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) *abrogated in part on other grounds by* Randall v. Scott, 610 F.3d 701 (11th Cir. 2010).

Plaintiff has not made the necessary showing with respect to Defendants Proctor and Mastroianni and the purported constitutional violations. Thus, Plaintiff fails to state a claim against Defendants Proctor and Mastroianni, even if he could sue them for monetary damages in their official capacities. See Campbell v. Johnson, 586 F.3d 835, 840 (11th Cir. 2009) ("As a supervisory official, Sheriff Johnson is only liable under § 1983 for the unconstitutional acts of his subordinates if he personally participated in the allegedly unconstitutional conduct, or his

actions were causally connected to the alleged constitutional deprivation."). Therefore, the Court should **DISMISS** Plaintiff's § 1983 claims for monetary relief against Defendants in their official capacities.

## II.     Claims Against Camden County Sheriff's Office

Plaintiff names the Camden County Sheriff's Office as a Defendant. Doc. 1. To prevail on a civil rights action under § 1983, a plaintiff must show he was deprived of a federal constitutional right by a person acting under color of state law. Strange v. JPay Corp., No. 19-15154, 2020 WL 3547931, at *2 (11th Cir. June 9, 2020) (citing Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001)); see also Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). Defendant Camden County Sheriff's Department is not a legal entity subject to suit under § 1983. Lawal v. Fowler, 196 F. App'x 765, 768 (11th Cir. 2006) (finding sheriff's departments are not usually entities subject to suit in Georgia under § 1983). Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendant Camden County Sheriff's Department. Because I have recommended dismissal of all Defendants in this case, the Court should **DISMISS** Plaintiff's Complaint in its entirety.

## III.    Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691

(M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's claims, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety. Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. I further **RECOMMEND** the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection the Magistrate Judge failed to address a contention raised in the Amended Complaint or an argument raised in a filing must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C);

Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 11th day of May, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA