# In the United States District Court
# For the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| TIMOTHY ANDREW LAMB, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION NO.: 2:22-cv-17 |
| | * | |
| v. | * | |
| | * | |
| CAMDEN COUNTY SHERIFF'S OFFICE; | * | |
| JIM PROCTOR; and MAJOR | * | |
| MASTROIANNI, in their official capacities, | * | |
| | * | |
| Defendants. | * | |

### ORDER

This matter is before the Court on Plaintiff's Objections to the Magistrate Judge's Report and Recommendation dated May 11, 2022. Dkt. No. 10. In the Report, the Magistrate Judge recommended the Court dismiss Plaintiff's Complaint in its entirety. Dkt. No. 9. The Magistrate Judge recommended dismissal because Plaintiff failed to state a claim. Specifically, the Magistrate Judge recommended dismissal because Defendant Camden County Sheriff's Office is not an entity capable of being sued under 42 U.S.C. § 1983 and Plaintiff sought to sue Defendants Proctor and Mastroianni only in their official capacities and only for monetary damages. Id. Additionally, the Magistrate Judge recommended the Court deny

Plaintiff leave to appeal *in forma pauperis* because an appeal would not be taken in good faith.

Plaintiff now objects to the Magistrate Judge's Report. Dkt. No. 10. While Plaintiff's Objections are responsive, they are meritless. Plaintiff argues Defendants Mastroianni and Proctor must be subject to suit for monetary damages in their official capacities. Id. at 1. However, Plaintiff offers no support for this position, and the Magistrate Judge correctly concluded otherwise. See Dkt. No. 9 at 3-5. Defendants Mastroianni and Proctor are immune from suit for monetary damages in their official capacities. Accordingly, this Objection is **OVERRULED**.

Plaintiff levels similarly meritless arguments related to the Magistrate Judge's recommended dismissal of Defendant Camden County Sheriff's Office. Dkt. No. 10 at 1-2. Plaintiff cites Lawal v. Fowler, 196 F. App'x 765, 768 (11th Cir. 2006), for support. Id. However, Lawal confirms that a sheriff's office is not an entity subject to suit under § 1983 claims. Lawal, 196 F. App'x at 768 (explaining the district court did not err when concluding the sheriff's department is not an entity subject to suit under § 1983). Thus, the Court **OVERRULES** Plaintiff's Objection related to the dismissal of Defendant Camden County Sheriff's Office.

2

Finally, Plaintiff objects to the Magistrate Judge's recommendation he be denied *in forma pauperis* status on appeal. Dkt. No. 10 at 2. Plaintiff argues he should be permitted to appeal *in forma pauperis* because he is indigent. However, Plaintiff has not shown an appeal would be taken in good faith, and the Court agrees with the Magistrate Judge that any appeal would not be in good faith. Accordingly, the Court **OVERRULES** this Objection.

In sum, after an independent and de novo review of the entire record, the Court **CONCURS** with the Magistrate Judge's Report and Recommendation, **ADOPTS** the Report and Recommendation as the opinion of the Court, and **OVERRULES** Plaintiff's Objections. The Court **DISMISSES** Plaintiff's Complaint, **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENIES** Plaintiff *in forma pauperis* status on appeal.

**SO ORDERED**, this ____6____ day of ____June____, 2022.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA